**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| CE-HQ, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UPTODATE, INC., <br><br> Defendant. | Civil Action No. 4:13-cv-120 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff CE-HQ, LLC ("CE-HQ"), for its complaint against Defendant UpToDate, Inc. ("UpToDate"), alleges and states as follows:

### The Parties

1. CE-HQ is a Limited Liability Company organized and existing under the laws of the State of Iowa with a principal place of business at 4250 River Center Ct. NE, Suite A, Cedar Rapids, Iowa 52402.

2. On information and belief, UpToDate is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 95 Sawyer Road, Waltham, MA 02453.

### Jurisdiction and Venue

3. This is an action for infringement of a United States patent. Accordingly, this action arises under the patent laws of the United States, as set forth in Title 35 of the United States Code. 35 U.S.C. § 1, *et seq*.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5. On information and belief, UpToDate has licensed, sold and offered to sell its UpToDate system to healthcare providers in the state of Iowa who are located in this judicial district.

6. CE-HQ accuses the UpToDate system of infringing U.S. Patent No. 6,997,717 (the "'717 Patent") and this lawsuit arises from these allegations of infringement.

7. This Court has personal jurisdiction over UpToDate by virtue of the fact that UpToDate has purposefully availed itself of the benefits and protections of this District by virtue of its doing business in this District and because the acts complained of occurred at least in part in this District.

8. Venue is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## GENERAL ALLEGATIONS

9. On February 14, 2006, the United States Patent and Trademark Office ("USPTO") granted the '717 Patent, entitled "Method and System for Point of Need Continuing Education Delivery," and naming Michael G. Kienzle and Dawn R. Ainger as the inventors. Exhibit A (a true and correct copy of the '717 Patent attached).

10. The '717 Patent describes and claims methods for delivering medical information and continuing medical education credit to individuals such as physicians and healthcare workers over a network during patient encounters.

11. The University of Iowa Research Foundation is the owner by assignment from inventor Michael Kienzle of his entire right title and interest in and to the '717 patent.

12. Dawn R. Ainger, as a listed inventor on the '717 patent is a joint owner in and to the '717 patent.

13. CE-HQ is an exclusive licensee of University of Iowa Research Foundation to its rights in the '717 Patent and has the right to prosecute in its own name any infringement of the '717 patent, CE-HQ is also authorized to recover all claims for damages for past present and future infringement of the '717 patent.

14. CE-HQ is an exclusive licensee of Dawn R. Ainger to her rights in the '717 Patent and has the right to prosecute in its own name any infringement of the '717 patent, CE-HQ is also authorized to recover all claims for damages for past present and future infringement of the '717 patent.

15. UpToDate markets an "evidence-based clinical decision support resource" (the "UpToDate System") which is used "to help healthcare practitioners make the best decisions at the point of care." Exhibit B (true and correct copies of pages from UpToDate's website attached), p. 1.

16. According to UpToDate, answering questions at the point of care, during patient encounters, fundamentally "influences decisions that have an impact on patient safety and quality of care." Exhibit C (true and correct copies of pages from Wolters Kluwer Health's website attached), p. 4.

17. The UpToDate system includes information on a variety of medical topics. All of these topics "are written exclusively for UpToDate by renowned physicians who are experts in their specialty." Exhibit B, pp. 2-8. In assembling the topics, "UpToDate has a systemic process for identifying, reviewing and synthesizing the medical literature as it applies to a clinical question." Exhibit B, pp. 9-10.

18. UpToDate offers Internet Point of Care CME wherein physicians conducting structured searches on the UpToDate System on clinical topics may claim a half AMA PRA Category 1 Credit or CFPC MainPro-M1 credit for documented completion of a three-step learning cycle. Exhibit B, pp. 11-16.

19. UpToDate markets the UpToDate System as "an indispensable resource for hundreds of thousands of physicians and healthcare practitioners, acting as a trusted medical colleague that provides unbiased, evidence-based medical information at the point of care." Exhibit B, p. 17.

20. Physicians and healthcare practitioners conduct searches for medical information related to treatment of patients by submitting a query through the use of a search box. Exhibit B, p. 21.

21. After receiving a query, UpToDate provides a list of search results with topics relevant to the entered query. Exhibit B, p. 21.

22. "Most topics contain links to other topics that contain related information." This additional information is displayed in parentheses in the topic text, at the end of the topic page and in the sidebar next to the topic text. Exhibit B, pp. 26-27.

23. When a physician or healthcare provider clicks on the link associated with related information, UpToDate receives a request for the related topic and delivers the text associated with the topic to the user of the UpToDate System. Exhibit B, pp. 26-27.

24. UpToDate teaches and encourages its customers to perform these methods and utilize the UpToDate System. See e.g. Exhibit B, pp.1, 18-22.

25.     As a result of UpToDate's efforts, advertising and training, according to UpToDate, UpToDate is used by 700,000 clinicians in 158 countries and in nearly 90% of the academic medical centers in the United States.  Exhibit B, p. 28.

26.     UpToDate's customers include physicians, healthcare providers and medical institutions located in the state of Iowa.

## COUNT I
### Infringement of U.S. Patent 6,997,717

27.     CE-HQ incorporates the allegations contained in Paragraphs 1-21 above, as though fully set forth herein.

28.     On information and belief, UpToDate has had actual and/or constructive knowledge of the '717 Patent since at least as early as February 2006.

29.     On information and belief, UpToDate has induced the performance of one or more of the steps of the method claimed in the '717 Patent through its communications with third parties, including physicians and healthcare providers concerning the UpToDate System including advertising, customer support and training materials.

30.     On information and belief, UpToDate's communications have taught and encouraged its customers to perform the claimed method and caused the method claimed in the '717 Patent to be performed in the United States, including within the state of Iowa.

31.     UpToDate has directly infringed at least one claim of the '717 Patent by virtue of its operation, licensing, offers for sale and sale of the UpToDate System.

32.     UpToDate has infringed at least one claim of the '717 Patent directly, contributorily, or by inducing others to infringe in violation of 35 U.S.C. § 271(a)-(c), by making, using, offering to sell, or selling in the United States clinical decision support systems

and software, including the "UpToDate System" which is accessible through desktop software, mobile apps, and through the Worldwide Web at www.uptodate.com.

33. UpToDate has continued to operate, license and sell, without authorization, clinical decision support systems and software, including the "UpToDate System" protected by at least one claim of the '717 Patent.

34. CE-HQ has suffered monetary damages by reason of UpToDate's infringement of the '717 Patent.

35. CE-HQ has been and will continue to be irreparably harmed by UpToDate's infringement of the '717 Patent.

36. On information and belief, UpToDate will continue to infringe the '717 Patent unless enjoined from doing so by this Court.

37. On information and belief, such infringement was and will continue to be willful, making this an exceptional case and entitling CE-HQ to increased damages and attorneys' fees under 35 U.S.C. §§ 284 and 285.

## Relief Requested

WHEREFORE, Plaintiff CE-HQ requests the following relief against UpToDate:

a. A judgment that UpToDate has infringed the '717 Patent;

b. A judgment that UpToDate's infringement of the '717 Patent was and is willful;

c. A judgment and order requiring UpToDate to pay damages under 35 U.S.C. § 284, including treble damages for willful infringement, and prejudgment interest;

d. A permanent injunction enjoining and restraining UpToDate or anyone acting on their behalf from making, using, offering to sell, or selling in the United States any product or using, offering to sell, or selling any service in the United States that falls within any claims of the '717 Patent;

e. A finding that this is an exceptional case, and an order awarding CE-HQ its costs and reasonable attorneys' fees under 35 U.S.C. § 285;

f. An award of all costs of this action, including attorneys' fees and interest; and

g. Any and all such other and further relief as this Court may deem appropriate.

## Jury Demand

CE-HQ hereby demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

   /s/ Jeffrey D. Harty
Jeffrey D. Harty
Bradley J. Powers
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone: 515-288-3667
Fax: 515-288-1338
Email: jeff.harty@ipmvs.com
Email: brad.powers@ipmvs.com
Email: mvslit@ipmvs.com

*ATTORNEYS FOR PLAINTIFF CE-HQ, LLC*