# Exhibit 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CE-HQ, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>UPTODATE, INC.,<br><br>          Defendant. | Civil Action No. 4:13-cv-120-JAJ-CFB |

## I.     UpToDate's Initial Invalidity Contentions

Pursuant to the Court's September 24, 2013, Scheduling Oder (Dkt. No. 22 ¶ 1(b)), Defendant UpToDate, Inc. ("UpToDate") hereby provides Initial Invalidity Contentions to Plaintiff CE-HQ, LLC ("CE-HQ") with respect to U.S. Patent No. 6,997,717 (the "patent-in-suit" or the "'717 patent").  With respect to each claim of the patent-in-suit, and based on its investigation to date, UpToDate hereby provides CE-HQ with a list of exemplary prior art on which it presently intends to rely, and also an explanation of what the prior art shows and how it invalidates the claims of the patent-in-suit.  UpToDate also identifies the grounds for invalidating those claims based on subject matter ineligibility under § 101 and indefiniteness under § 112 ¶ 2.

In addition, based on its investigation to date, UpToDate is producing prior art materials currently in its possession, custody, or control to accompany these Initial Invalidity Contentions.  UpToDate reserves the right to rely on any and all prior art subsequently produced or otherwise provided by CE-HQ or non-parties.

UpToDate's Initial Invalidity Contentions are based on its present understanding of the asserted claims and CE-HQ's apparent positions as to the scope of the asserted claims as applied

The attached Exhibits, and prior art listed above, may also generally contain statements regarding the motivation to combine particular references. In addition, any statements in the attached Exhibits that it would be obvious to modify the teachings of a reference should be interpreted to include an argument that it would be obvious to modify by combining the teachings of the reference with other prior art or based on general knowledge in the art. The above-identified examples are given merely to illustrate various motivations to combine and are not intended to provide an exhaustive list of every possible combination to which the motivation may apply. UpToDate therefore reserves its right to contend that the above-described motivations to combine apply to other combinations.

Each of the references charted in Exhibit A-E anticipates each of the asserted claims. However, to the extent any such reference is found not to anticipate a given asserted claim, then such reference would render such asserted claim obvious, in light of and in combination with the contextual prior art provided above.

### III. UpToDate's Invalidity Contentions under §§ 101 and 112

The following initial contentions are subject to revision and amendment pursuant to Federal Rule of Civil Procedure 26(e) and the Orders of record in this matter to the extent appropriate in light of further investigation and discovery regarding the defenses, the Court's construction of the claims at issue, or the review and analysis of expert witnesses.

UpToDate offers these contentions in response to CE-HQ's Initial Infringement Contentions and without prejudice to any position the parties may ultimately take as to any claim construction issues. To the extent the following contentions reflect constructions of claim limitations consistent with or implicit in CE-HQ's Initial Infringement Contentions, no inference is intended nor should any be drawn that UpToDate agrees with any claim construction implied

*CE-HQ, LLC v. UpToDate, Inc.*, Civil Action No. 4:13-cv-120-JAJ-CFB (S.D. Iowa)

by CE-HQ's Initial Infringement Contentions, and UpToDate expressly reserves the right to contest such claim constructions.

Subject to the objections and reservations of rights above, and in light of the contentions discernible from CE-HQ's Initial Infringement Contentions, UpToDate provides below an identification of asserted claims along with an identification of the specific limitations that violate 35 U.S.C. § 112 ¶ 2 as indefinite for failing to particularly point out and distinctly claim the subject matter which the named inventors regard as their alleged invention:

- Claim 1: "receiving a request for at least one additional granule of medical knowledge from a set of granules of medical knowledge"

    o This limitation makes claim 1 indefinite by introducing, for a second time, "a set of granules of medical knowledge." It is unclear to a skilled artisan whether this limitation is referring to the same set of granules of medical knowledge previously introduced in the "creating" step or to another set of granules of medical knowledge.

- Claim 1: "delivering at least one additional granule of medical knowledge"

    o This limitation makes claim 1 indefinite by introducing, for a second time, "at least one additional granule of medical knowledge." It is unclear to a skilled artisan whether this limitation is referring to the same additional granule of medical knowledge previously introduced in the second "receiving" step or another additional granule of medical knowledge.

    o It is also unclear to a skilled artisan whether "at least one additional granule of medical knowledge" is delivered in response to a request. This ambiguity may also render claim 1 invalid as lacking written description and/or enablement under § 112 ¶ 1.

- Claim 2: "the at least one additional granule of medical knowledge"

    o This limitation makes claim 2 indefinite by referencing "the at least one additional granule of medical knowledge." It is unclear to a skilled artisan whether "the at least one additional granule of medical knowledge" is the "at least one additional granule" requested in the second "receiving" step or the "at least one additional granule" from the second "delivering" step.

- Claims 2-4 are indefinite by incorporating claim 1, which as explained above, is indefinite.

*CE-HQ, LLC v. UpToDate, Inc.*, Civil Action No. 4:13-cv-120-JAJ-CFB (S.D. Iowa)

- Claim 5: "a list of related granule of medical knowledge"

    o This limitation makes claim 5 indefinite by referencing "a list of related granule of medical knowledge," a phrase which a skilled artisan would not have understood.

- Claim 6 is indefinite by incorporating claim 5, which as explained above, is indefinite.

In addition, in light of CE-HQ's apparent claim constructions, the asserted claims are invalid for subject matter ineligibility under 35 U.S.C. § 101. The claims of the patent-in-suit are directed to the abstract idea of providing doctors and nurses with smaller amounts of continuing medical education credit at the point of care. Generally referencing "electronic delivery" or "computer-assistance," without any limitation on the implementation, in certain claim limitations does not effectively limit the claimed invention.

*CE-HQ, LLC v. UpToDate, Inc.*, Civil Action No. 4:13-cv-120-JAJ-CFB (S.D. Iowa)

December 2, 2013                                         Respectfully submitted,

                                             *s/ Ann N. Cathcart Chaplin*
                                             Michael Florey (admitted *pro hac vice*)
                                             Ann Cathcart Chaplin (admitted *pro hac vice*)
                                             David Gerasimow (admitted *pro hac vice*)
                                             FISH & RICHARDSON P.C.
                                             3200 RBC Plaza
                                             60 South Sixth Street
                                             Minneapolis, MN  55402
                                             Tel:  (612) 335-5070
                                             Fax:  (612) 288-9696
                                             Email: florey@fr.com
                                             Email: cathcartchaplin@fr.com
                                             Email: gerasimow@fr.com

                                             David W. Nelmark
                                             BELIN MCCORMICK, P.C.
                                             666 Walnut Street, Suite 2000
                                             Des Moines, Iowa 50309
                                             Tel:  (515) 283-4671
                                             Fax:  (515) 558-0671
                                             Email: dwnelmark@belinmccormick.com

                                             Of Counsel:
                                             Gilbert Hennessey
                                             Steven Katz
                                             FISH & RICHARDSON P.C.
                                             One Marina Park Drive
                                             Boston, MA  02210-1878
                                             Tel:  (617) 542-5070
                                             Fax:  (617) 542-8906
                                             Email: hennessey@fr.com
                                             Email: katz@fr.com

                                             ATTORNEYS FOR DEFENDANT
                                             UPTODATE, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CE-HQ, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UPTODATE, INC., <br><br> Defendant. | Civil Action No. 4:13-cv-120 |

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2013, I caused the foregoing UpToDate's Initial Invalidity Contentions with Exhibits A-E to be served upon the following via e-mail and United States Mail:

Jeffrey D. Harty
Jonathan L. Kennedy
Alexandria M. Christian
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Email: jeff.harty@ipmvs.com
 jonathan.kennedy@ipmvs.com
 alex.christian@ipmvs.com

*s/ David A. Gerasimow*
David A. Gerasimow